## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,             Case No. 07 Civ. 6146

            - against -

THEODORE ROXFORD a/k/a LAWRENCE
DAVID NIREN and HOLLINGSWORTH,
ROTHWELL & ROXFORD

                  Defendants.

-----------------------------------------------------------X

### DEFENDANT HOLLINGSWORTH, ROTHWELL & ROXFORD'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
### PURSUANT TO Fed. R. Civ. P. Rule 12(b)(3)

       Defendant Hollingsworth, Rothwell & Roxford ("HRR") respectfully submits this

memorandum of law, together with the affidavits of Kenneth Rothwell, witnessed on

August 29, 2007, and Hugh Hollingsworth, sworn to on August 28, 2007, in support of its

motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. Rule 12(b)3 for improper

venue.  In the alternative, HRR respectfully requests the Court transfer this matter to a

proper venue.

### PRELIMINARY STATEMENT

       Plaintiff has failed to set forth facts sufficient to establish that venue in this Court

is proper, as required by Section 27 of the Securities Exchange Act, 15 U.S.C. §78aa (the

"Exchange Act").  This is because: (1) none of the acts or transactions alleged to

constitute violations of the Exchange Act occurred in the Southern District of New York

(the "Southern District"); and (2) Defendant was never located in the Southern District,

never was an inhabitant of the Southern District and never transacted business in the Southern District. Where venue is improper, the Complaint may be dismissed.[1]

## THE COMPLAINT

Plaintiff alleges that Theodore Roxford a/k/a Lawrence Nirin, through an entity he formed called HRR, made bogus tender offers to manipulate the price of the stocks of the target companies Sony Corporation ("Sony"), Zapata Corporation ("Zapata"), Edgetech Services, Inc. ("Edgetech"), Playboy Enterprises, Inc.("Playboy"), and PeopleSupport, Inc("People Support"). Complaint ¶¶ 1, 2, 16, 31, 48, 60, 65. Plaintiff fails, however, to set forth *any acts* sufficient to tie the alleged conduct to the Southern District.

In fact, "New York" is only referenced in the Complaint the following four times:

(i)     The court properly has venue over this action because certain of the conduct occurred in the Southern District of New York.

(ii)    Sony's American Depositary Shares trade on the New York Stock Exchange.

(iii)   Zapata's common stock is registered pursuant to Section 12(b) of the Exchange Act and trades on the New York Stock Exchange.

(iv)    Playboy's common stock is registered pursuant to Section 12(b) of the Exchange Act and trades on the New York Stock Exchange.

Complaint ¶¶ 9, 12, 13, 15.[2] Further, none of the target companies are incorporated in New York. Sony is incorporated in Japan, Zapata and Edgetech are incorporated in Nevada, and Playboy and PeopleSupport are incorporated in Delaware. Complaint ¶¶ 12, 13, 14, 15, 16.

---

[1] The district court may, however, order the transfer of the action to a district in which venue would be proper rather than dismiss the matter entirely. 28 U.S.C. § 1404.

[2] Edgetech and PeopleSupport are traded on the NASDAQ National Market. Complaint ¶¶ 14, 16.

In addition, the Complaint fails to allege that HRR, including Theodore Roxford a/k/a Lawrence Niren and the other partners, has any link to New York whatsoever. Indeed, HRR was a partnership formed in Florida.[3] It maintained a business office in, and only in, the State of Florida.[4] The partners worked out of the Florida office and never conducted any business in or tendered any offers to companies in the Southern District.[5] Indeed, Plaintiff does not even allege that any of the acts or transactions alleged to constitute violations of the Exchange Act occurred in the Southern District. Similarly, Plaintiff fails to allege that Defendant was ever located in the Southern District, was an inhabitant of the Southern District or ever transacted any business in the Southern District. Plaintiff does not because it cannot.

## LEGAL ARGUMENT

Even accepting every allegation in the Complaint as true, the Complaint must be dismissed because venue in the Southern District is improper. Under Section 27 of the Exchange Act, an action to enforce any liability or duty created by the Exchange Act or rules or regulations thereunder, or to enjoin any violation under the Exchange Act or of the rules or regulations thereunder, may be brought in any district court where: (i) any act or transaction constituting a violation occurred; (ii) where a defendant is found; (iii) where a defendant is an inhabitant; or (iv) where a defendant transacts business. 15 U.S.C. §78aa. *See also Clement v. Pehar*, 575 F. Supp. 436, 439 (N.D.Ga 1983). Because Plaintiff cannot meet any of these criteria, the Complaint must be dismissed.

---

[3] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶2.

[4] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶3.

[5] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶¶4,5

Plaintiff alleges that venue is proper in this district because "certain of the conduct occurred in the Southern District of New York." Complaint ¶9. However, this vague and conclusory allegation is not supported by any of the facts alleged in the Complaint. Indeed, none of the representations or conduct forming the basis of Plaintiff's claims under the Exchange Act are alleged to have occurred in the Southern District; nor did they.[6] To the contrary, at no time did HRR, or anyone acting on behalf of HRR: (i) visit any county within the Southern District; (ii) perform work in any county in the Southern District; (iii) negotiate any contemplated or actual contract or deal in any county within the Southern District; or (iv) tender any offer to any company in any county within the Southern District.[7]

Further, HRR was never located in, or was an inhabitant of, the Southern District, and it never transacted business in the Southern District.[8] The partnership was formed in Florida, where the partners resided at that time.[9] Currently, Mr. Roxford resides in Argentina, Mr. Rothwell resides in Tennessee, and Mr. Hollingsworth remains in Florida.[10] The partnership and its partners simply do not have and never have had any connection to the Southern District. Thus, venue in this district is improper.

## A. None Of The Acts Or Transactions Alleged To Constitute Violations Of The Securities Exchange Act Occurred In The Southern District

In order for venue to attach in a particular district based upon an act or a

---

[6] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶¶3-5.

[7] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶4.

[8] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶¶3-5.

[9] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶5.

[10] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶1.

transaction in that district, the "act" or "transaction" cannot be trivial; it must be of "material importance" to the consummation of the scheme. *Clement*, 575 F. Supp. at 441, *quoting, Hooper v. Mountain States Securities Corp.*, 282 F.2d 195, 204 (5th Cir. 1960).

Plaintiff alleges that HRR publicized misrepresentations through internet message board postings, internet press releases and in at least one filing with the Commission. However, Plaintiff does not allege that any of these alleged misrepresentations were made in the Southern District. Plaintiff does not set forth such allegations because at no time did HRR, or anyone acting on behalf of HRR visit any county within the Southern District or communicate with any company in any county in the Southern District.[11] In fact, none of the tender offers were sent to any offices in the Southern District. [12] Furthermore, none of the companies who received tender offers are incorporated in New York. Complaint ¶¶ 12, 13, 14, 15, 16. Since Plaintiff fails to allege a single act or transaction having occurred in this district, venue is improper.

Accordingly, since no acts or transactions are alleged to have transpired in New York, Plaintiff's conclusory allegation that "certain of the conduct occurred in the Southern District of New York" is insufficient to make venue here proper.[13]

**B.    Defendant Was Never Located In The Southern District, Was Never An Inhabitant Of The Southern District And Never Transacted Business In The Southern District**

---

[11] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶4.

[12] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶4.

[13] It is important to note that merely being listed on a local stock exchange is insufficient contact in a district to make venue their proper. *See Gibson v. Pittsburgh Forgings Co.*, 284 F. Supp. 569 (S.D.N.Y. 1968). Thus, the fact that Sony, Zapata, and Playboy trade on the New York Stock Exchange is entirely inconsequential.

Although Plaintiff does not allege that venue is based upon HRR having been "found" in this district, being an "inhabitant" of this district, or that HRR "transacts" business here, these bases for venue, if alleged, would also fail. In order for a defendant to "transact business" in a given district, the activities in the district must constitute a substantial portion of a defendant's ordinary business and must be continuous and of some duration. *See Kansas City Power & Light Co. v Kansas Gas And Elec. Co.*, 747 F. Supp. 567 (W.D. Mo. 1990); *Gibson*, 284 F. Supp. 569. Not only was HRR's business in the Southern District not substantial, it was ***nonexistent***.

It is undisputed that HRR is a Florida partnership. HRR is not licensed to do business in New York, and never had any agents, employees, offices, bank accounts or other indica of doing business in New York; and no such activity is alleged in the Complaint. Furthermore, the individual partners never resided in New York or owned any property in New York; nor is such alleged.[14] Accordingly, venue cannot be established upon these bases.

For the foregoing reasons, HRR respectfully requests that this case be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)3 for improper venue. In the alternative, HRR respectfully requests the Court transfer this matter to a proper venue.

Dated: New York, New York
          August 30, 2007

THE ROTH LAW FIRM, PLLC

By:
          Richard A. Roth (RAR-5538)
          545 Fifth Avenue, Suite 960
          New York, New York, 10017
          (212) 542-8882

---

[14] Affidavits of Kenneth Rothwell and Hugh Hollingsworth ¶4.