UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES EXCHANGE COMMISION,

                Plaintiff,                      07 Civ. 6146 (PKC)

    -against-

                                                  MEMORANDUM
                                                  AND ORDER
THEODORE ROXFORD, a/k/a LAWRENCE
DAVID NIREN and HOLLINGSWORTH,
ROTHWELL & ROXFORD,

                Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge

        This is an enforcement action brought by the Securities and Exchange Commission alleging that Theodore Roxford, also known as Lawrence David Niren,[1] and an entity known as Hollingsworth, Rothwell & Roxford engaged in market manipulation by making phony public tender offers. The complaint alleges that the defendants did not intend to complete the offers and lacked the financial means to do so. Among the targets were Sony Corporation, Zapata Corporation ("Zapata"), Edgetech Services, Inc., Playboy Enterprises, Inc. and PeopleSupport, Inc., each of which at the operative time was a company whose shares were publicly-traded. The complaint, among other things, seeks injunctive relief.

        The action before me was commenced on June 29, 2007. In an order dated July 10, 2007, I disclosed that "some time in the late 1970s and early 1980s, I participated in the representation of Zapata Corporation and/or a special committee thereof, through the law firm of Cahill Gordon & Reindel." (Doc # 2). I also set the date for the Initial Conference for September 7, 2007 at 3 p.m. in a separate Order. (Doc # 3)

        Thereafter, at the request of Mr. Niren, I adjourned his time to answer or move

---

[1] Because he uses the name Niren in his submissions to this Court, I will use that name in the remainder of this Memorandum and Order.

to August 30, 2007. (Doc # 5)  In doing so, I reminded the parties of the September 7 conference.  Thereafter, Mr. Niren moved for an order granting the adjournment of the initial pretrial conference or, in the alternative, to allow him to appear by telephone.  He proffered several reasons for the requested adjournment, including his residence in Argentina, his forthcoming marriage and his fear that he would be arrested by U.S. authorities if he entered the country.  I denied the motion in an Order dated August 22. (Doc # 6)

Mr. Niren now moves to disqualify this Court from proceeding with this case. He also moves the Court to reconsider its denial of his motion to adjourn the conference or allow him to participate telephonically.  If the motion to reconsider is denied, he seeks to have this Court certify the question to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b).

Disqualification

Movant invokes 28 U.S.C. § 455 and 28 U.S.C. § 144 and the due process clause in seeking this Court's disqualification. Section 144 requires a judge to refrain from presiding over an action where a party has filed a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice" against the party or in favor of an adverse party.[2]  Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  Subsection (b)(1) of section 455 mandates recusal where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Subsection (b)(2) provides that he shall not sit "[w]here in private practice he served as a lawyer in the matter in controversy, or a law-

---

[2] Section 144 requires that "a certificate of counsel of record" accompany the application "stating that it is made in good faith."  Because plaintiff is proceeding pro se, he has not done so.  The requirement of a certificate of counsel in a duly enacted statute is not to be dispensed with lightly.  See, e.g. Williams v. New York City Housing Authority, 287 F.Supp.2d 247, 249 (S.D.N.Y. 2003)("[Party's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter."); Rothstein v. Fung, 2003 WL 22829111 (S.D.N.Y. Nov. 26, 2003) (describing such a pro se motion without counsel's certificate as possibly "procedurally flawed" but proceeding to adjudicate the merits).

yer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . . ." The substantive standards of sections 144 and 455(b)(1) are to be construed in pari materia. Apple v. Jewish Hospital & Medical Center, 829 F.2d 326, 333 (2d Cir. 1987) (citing United States v. Pugliese, 805 F.2d 1117, 1125 (2d Cir. 1986)). The substantive standard for recusal under sections 144 and 455(b)(1) is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned. Apple, 829 F.2d at 333 (citing United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).

Movant states three grounds for disqualification: (1) the Court's participation in a case in the late 1970s or early 1980s involving Zapata; (2) that the Court "reads internet articles on litigants" and forms opinions based upon extra-judicial materials; and (3) that the Court is biased against pro se litigants. I will address each in turn.

As a law firm associate, the undersigned participated in the representation of a special committee of the board of directors of Zapata which investigated and considered whether the pursuit of certain derivative litigation against a former Chief Executive Officer and others was in the best interests of the corporation. The derivative litigation proceeded in courts in Delaware and New York, and my role began in about 1979-80 and ended sometime in or about 1983. Maldonado v. Flynn, 573 F. Supp. 684 (S.D.N.Y. 1983) (case filed in 1977); Zapata Corporation v. Maldonado, 430 A.2d 779 (1981) (describing the lawsuit as having been commenced in 1975). The representation was brought to the firm by a partner thereof who was serving on the board of Zapata but was not a defendant in the litigation. That partner died sometime in 1983 and to the best of my recollection the law firm thereafter took on no new assignments from Zapata. I had no further contact with the corporation.

With regard to the assertion that the Court reads internet sources and quickly

forms opinions of litigants based upon them, there are insufficient facts asserted to question the Court's impartiality. While it is true that the Court reads both in-print and on-line news sources, I do not form opinions about parties or cases based on those sources or any other extra-judicial material. I have formed no opinion on the merits of this case. While perhaps besides the point, I also note that the movant has not submitted any news article or internet posting allegedly containing detrimental information about him.

As to the assertion that the Court is biased against pro se litigants, it is untrue and no factual showing has been made for the assertion. The conclusory assertion is without basis. To the extent that Niren's assertion relies on rulings of this Court in this case, those rulings may not form the basis for disqualification. See Liteky v. United States, 510 U.S. 540, 555 (1994). No other statement, ruling, case or party is cited as an example of the alleged bias.

"There is 'as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is,'". . . ." Rosen v. Sugarman 357 F.2d 794, 797-98 (2d Cir. 1966) (Friendly, J.)(citations omitted). No reasonable person fully informed of the facts could reasonably question the court's impartiality from any of the foregoing circumstances. No personal bias or prejudice concerning a party has been shown. The representation of non-party Zapata ended nearly a quarter century ago and has nothing to do with this lawsuit. I have no knowledge of any disputed evidentiary fact. 28 U.S.C. § 455 (b)(1). The "matter [presently] in controversy" is not the same as the matters at issue in the prior representation. 28 U.S.C. § 455 (b)(2). The other two asserted grounds for disqualification are wholly unsupported.

The motions under sections 144 and 455(a), (b)(1) and (b)(2) and principles of due process of law are DENIED.

### Reconsideration

Movant seeks reconsideration of the denial of an adjournment of the September 7 conference asserting that he "has found out, and has now realized that he will get arrested if he were to travel to New York to attend this Court's September 7, 2007 conference . . . ." (Motion for Reconsideration at 4)  Not surprisingly, he is unable to identify a date in the future when, he believes, the risk of arrest will pass.  Niren cites no pending criminal proceeding which would form the basis for a proper stay motion.

Niren asserts that he intends to be wed on September 8, but no specific facts have been submitted that would support the conclusion that an adjustment in the wedding date would cause undue hardship or unusual inconvenience.  His sole affidavit in support of the original motion for an adjournment states that "Niren is getting married in early September 2007 . . ." but provides no other meaningful details. (Aff't of Maria Barahona at ¶ 45, Doc. # 7)  No contract with a catering facility, no non-refundable airline tickets, no hotel reservations and no other evidence of a long-planned event has been submitted.  Indeed, the Initial Conference was set for September 7 in a July 10 Order issued before Niren submitted a motion to this Court, dated July 24, 2007, seeking an adjournment of his time to answer the complaint;[3] yet, the forthcoming wedding was never mentioned in the July 24 submission.  Of course, Niren is not required to appear at the September 7 conference so long as an attorney admitted to practice before this Court who has first filed a notice of appearance does so on his behalf.

I am disinclined to adjourn the conference because I have read the allegations of the complaint.  I do not know whether any of these allegations are true, but, if the material allegations of the complaint are true, then there is a danger that a repeat of the conduct would present a grave risk of significant harm to purchasers and sellers of a security that was the subject

---

[3] The application was granted in its entirety.

of a phony tender offer. Creating a false belief that a bona fide tender offer has been or likely will be made can cause financial injury to many. The case should proceed without delay.

The motion to reconsider is DENIED. The conference remains scheduled for September 7, 2007 at 3 p.m.

Section 1292(b) Certification

In the event this Court were to deny the motion to reconsider, Niren seeks to have this Court certify the question to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). No "controlling question of law as to which there is substantial ground for difference of opinion . . . ." is presented on this record. Moreover, a ruling on the conference date would not "materially advance the ultimate termination of the litigation. . . . ." 28 U.S.C. § 1292(b).

Certification is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 5, 2007