# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 07-CV-6146 |
| Plaintiff, | ECF case (PKC) |
| v. | |
| THEODORE ROXFORD a/k/a LAWRENCE DAVID NIREN and HOLLINGSWORTH, ROTHWELL & ROXFORD, | |
| Defendants. | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07

PKC

## ~~STIPULATED PROPOSED~~ SCHEDULING ORDER ~~SUBMITTED PURSUANT TO RULE 26(f)~~

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Federal rules) a telephone conference was held on August 23, 2007. The following counsel and parties participated in the conference: (1) Sarah L. Levine and Pamela Nolan for Plaintiff Securities and Exchange Commission ("SEC"); (2) Richard Roth for Defendant Hollingsworth, Rothwell & Roxford; and (3) Defendant Theodore Roxford who is also known as Lawrence David Niren ("Defendant Roxford a/k/a Niren") representing himself *Pro Se*.

Set forth below are the matters required by Federal Rule 26(f).

1.    Rule 26(a)(1) Disclosures

The parties agree to exchange information required by Federal Rule 26(a)(1) no later than September 24, 2007.

2.    Proposed Discovery Plan

a.    Subjects on Which Discovery May Be Needed

The key factual and legal issues in this case concern whether Defendants made a series of bogus offers to acquire publicly-traded companies in violation of Sections 9(a) and 14(e) of the Exchange Act and Rule 14e-8 promulgated thereunder. Discovery will be conducted regarding the allegations made by the Plaintiff against the Defendants in the Complaint filed on June 29, 2007 and concerning any defenses raised by the Defendants in their respective answers. Accordingly, the parties anticipate that discovery may be needed on subjects including, but not limited to:

     i.     Facts and circumstances surrounding Defendants' purported tender offer for Sony Corporation in and around February, 2003.

     ii.     Facts and circumstances surrounding Defendants' purported tender offer for Zapata Corporation in and around March, 2003.

     iii.     Facts and circumstances surrounding Defendants' purported tender offer for Edgetech Services, Inc., in and around July and August, 2003.

     iv.     Facts and circumstances surrounding Defendant Roxford a/k/a Niren's purported tender offer for Playboy Enterprises, Inc., in and around November, 2003.

     v.     Facts and circumstances surrounding Defendant Roxford a/k/a Niren's purported tender offer for PeopleSupport Inc., in and around December, 2004 and January, 2005.

     b.     <u>Discovery Deadline</u>

This case will involve discovery from Defendant Roxford a/k/a Niren who is currently located in Argentina. This case may also involve discovery from other individuals located in Argentina, specifically, Maria Barahona, whom Defendant Roxford a/k/a Niren has identified as possessing potentially discoverable material. As a result, the parties request a fact discovery deadline of ~~March 31, 2008~~.

*December 31, 2007*

PKC

2

i.    Defendant Roxford a/k/a Niren:

Defendant Roxford a/k/a Niren anticipates that there will be around a dozen depositions from Argentine witnesses taken in Argentina, and several dozen boxes of documented evidence to go through by the plaintiff and defendants. Defendant Roxford a/k/a Niren therefore anticipates that the SEC will be in Argentina for at least 2 weeks.

c.    Proposed Discovery Limitations

The parties request a maximum of 15 depositions per party.

i.    Plaintiff's and Defendant Hollingsworth, Rothwell & Roxford's Recommendation:

Plaintiff SEC and Defendant Hollingsworth, Rothwell & Roxford request that each deposition be limited to a maximum of 7 hours, unless extended by mutual agreement of all parties or by order of the Court.

ii.    Defendant Roxford a/k/a Niren's Recommendation:

Defendant Roxford a/k/a Niren requests unlimited time for each deposition.

Aside from the issues noted above (number of depositions and length of depositions), the parties do not recommend any other changes to the limitations on discovery contained in the Federal Rules of Civil Procedure.

d.    ~~Expert Reports~~    *EXPERT DISCOVERY TO BE COMPLETED BY DECEMBER 31, 2007*

~~i.    Plaintiff's Recommendation:~~

Plaintiff SEC requests that the parties be required to simultaneously provide the name, address, telephone numbers and summary of the subject matter of expert testimony no later than a month following the date of the close of fact discovery or April 30, 2008, whichever date is later; and to simultaneously exchange reports from retained experts under Fed. R. Civ. P. 26(a)(2), other than rebuttal experts, no later than one month following the deadline for disclosing the name and

3

summary of the subject matter of expert testimony, or May 30, 2008, whichever date is later.
Rebuttal expert reports, from all parties, will be due one month following the deadline for expert
reports or June 30, 2008, whichever date is later. The expert discovery deadline will be one month
after the deadline for the exchange of rebuttal expert reports or July 31, 2008, whichever date is
later.

ii.      Defendants' Recommendation:

Defendant Hollingsworth, Rothwell & Roxford and Defedant Roxford a/k/a Niren request
that the parties be required to simultaneously provide the name, address, telephone numbers and
summary of the subject matter of expert testimony no later than a month following the date of the
close of fact discovery or April 30, 2008, whichever date is later. Plaintiff SEC will exchange
reports from retained experts under Fed. R. Civ. P. 26(a)(2), other than rebuttal experts, no later than
one month following the deadline for disclosing the name and summary of the subject matter of
expert testimony, or May 30, 2008, whichever date is later. Defendants will exchange reports from
retained experts under Fed. R. Civ. P. 26(a)(2), other than rebuttal experts, no later than one month
following the deadline for Plaintiff's exchange of its expert report, or June 30, 2008, whichever date
is later. Rebuttal expert reports, for all parties, will be due one month following the Defendants'
deadline for expert reports, or July 31, 2008, whichever date is later. The expert discovery deadline
will be one month after the deadline for the exchange of rebuttal expert reports or August 29, 2008.

p/kc

e.      Motions

~~The parties request that the last day to serve dispositive motions be set for one-and-a-half
months after the close of discovery.~~ Defendants request a deadline of October 15, 2008. Plaintiff
SEC requests a deadline of September 17, 2008. ~~The parties~~ further request that the date for
~~serving responses to dispositive motions be set 14 days after the service of~~ the initial dispositive

p/kc

*[handwritten:]* With respect to any proposed motions,
follow the Court's premotion
conference requirement.

motion. Defendants request a deadline of October 29, 2008. Plaintiff SEC requests a deadline of October 1, 2008. The parties request that the date for serving reply papers be set 14 days after the date for service of response papers. Defendants request a deadline of November 12, 2008. Plaintiff requests a deadline of October 15, 2008.

    f.        Scheduling Conference

    The Court has set an initial conference for September 7, 2007.

PKC

    g.        Proposed Pretrial Conference and Trial Dates

FINAL PRETRIAL SUBMISSIONS DUE JANUARY 18, 2008.

The parties request that the Joint Pretrial Order be scheduled for 21 days after a decision on dispositive motions. The parties also request that the final pretrial conference be scheduled for 30 days following a decision on any dispositive motions. The parties further propose that the ready for trial date in this matter be schedule for February 23, 2009 or another date close in time that is convenient to the Court.

    h.        Addition of Parties and Amendment of Pleadings

    The parties request that the deadline to join additional parties and /or amend their pleadings be set no later than October 31, 2007.

    i.        Prospects for Settlement

    Plaintiff SEC and Defendant Roxford a/k/a Niren have conducted initial settlement discussions. Plaintiff SEC is open to continuing settlement discussion. Defendant Roxford a/k/a Niren has indicated he is not interested in pursuing settlement at this time. Plaintiff SEC and Defendant Hollingsworth, Rothwell & Roxford are planning to initiate settlement discussions. Thus far, any settlement discussions have been unsuccessful.

    j.        Estimated Length of Trial

    The parties estimate that the trial of this matter will take ten court days.

*scheduled for*

3.     The parties agree that this stipulation may be executed in counterpart, and copies

exchanged by facsimile or electronic mail, by the attorneys and party listed below, each of whom

represents and warrants their authority to do so.

~~this~~ *conference* & *Jany 11, 2008 at 11 am.*

Dated: August 27, 2007

Respectfully submitted,

Sarah L. Levine (MA-651718)(*pro hac*)
Attorney For Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Phone:   (202) 551-4511
Fax:        (202) 772-9245
levinesa@sec.gov

Richard A. Roth (RAR 5538)
Attorney For Defendant Hollingsworth, Rothwell &
                    Roxford
The Roth Law Firm PLLC
545 Fifth Avenue, Suite 960
New York, New York 10017
Phone:   (212) 542-8882
Fax:        (212) 542-8883
Rich@rrothlaw.com

Theodore Roxford also known as Lawrence David
                    Niren
Defendant *Pro Se*
Agostina Mastronardi
Patricias Mendocinas 815
Mendoza, 5500, Argentina
Phone (voicemail only): (415) 995-2313
Troxford2000@yahoo.com

6

3.    The parties agree that this stipulation may be executed in counterpart, and copies exchanged by facsimile or electronic mail, by the attorneys and party listed below, each of whom represents and warrants their authority to do so.

Dated: August 27, 2007

Respectfully submitted,

_____

Sarah L. Levine (MA-651718)(*pro hac*)
Attorney For Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Phone:  (202) 551-4511
Fax:      (202) 772-9245
levinesa@sec.gov

_____

Richard A. Roth
Attorney For Defendant Hollingsworth, Rothwell &
Roxford
The Roth Law Firm PLLC
545 Fifth Avenue, Suite 960
New York, New York 10017
Phone:  (212) 542-8882
Fax:      (212) 542-8883
Rich@rrothlaw.com

_____

Theodore Roxford also known as Lawrence David
Niren
Defendant *Pro Se*
Agostina Mastronardi
Patricias Mendocinas 815
Mendoza, 5500, Argentina
Phone (voicemail only): (415) 995-2313
Troxford2000@yahoo.com

SO ORDERED

USDJ
9-07-07

6

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a copy of the documents enclosed for filing to be sent on August 31, 2007 by U.S. Mail and electronic Mail to Defendant Theodore Roxford a/k/a Lawrence David Niren and by FedEx to Mr. Jordan Kam and Mr. Richard A. Roth, counsel for Defendant Hollingsworth, Rothwell & Roxford, at the following mailing addresses:

Jordan Kam, Esq.
Richard A. Roth, Esq.
The Roth Law Firm PLLC
545 Fifth Avenue, Suite 960
New York, New York 10017
Phone:   (212) 542-8882
Fax:       (212) 542-8883
Rich@rrothlaw.com

Attorneys for Defendant Hollingsworth, Rothwell & Roxford

Theodore Roxford also known as Lawrence David Niren
Agostina Mastronardi
Patricias Mendocinas 815
Mendoza, 5500, Argentina
Phone (voicemail only): (415) 995-2313
Troxford2000@yahoo.com

Defendant *Pro Se*

Sarah L. Levine