UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 07-CV-6146 |
| Plaintiff, | ECF case (PKC) |
| v. | |
| THEODORE ROXFORD a/k/a LAWRENCE DAVID NIREN and HOLLINGSWORTH, ROTHWELL & ROXFORD, | |
| Defendants. | |

**PLAINTIFF SEC'S MOTION
AND MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT HRR'S MOTION TO DISMISS</u>**

Of Counsel:

Antonia Chion
Yuri B. Zelinsky
Lawrence C. Renbaum
Pamela H. Nolan

Sarah L. Levine (MA-651718)
            (*pro hac vice*)
Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549-4030
(202) 551-4511 (tel.)
(202) 772-9245 (fax)

*Attorney for Plaintiff*

Dated: Sept. 10, 2007

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT..................................................................................................................................2

    I.      Venue is Proper In The Southern District Of New York....................................2

           A.    The legal standard supports venue in this court. .............................................2

           B.    Defendants engaged in acts and transactions constituting securities fraud in the Southern District of New York......................................................3

    II.     Plaintiff's Choice Of Forum Deserves Substantial Deference And Defendant HRR Has Not Met Its Burden In Demonstrating That The Interest Of Justice Or Fairness Mandates A Transfer From This Court To Another District ...............................................................................................7

           A.    The legal standard for transfer puts a significant burden on the moving party ......................................................................................................7

           B.    Defendant HRR has failed to meet its burden under the factors that support transferring venue....................................................................................8

CONCLUSION.............................................................................................................................14

# TABLE OF AUTHORITIES
## CASES

Adair v. Microfield Graphics, Inc., No. 00-CIV-0629, 2000 WL 1716340
 (S.D.N.Y. Nov. 16, 2000) ................................................................................................7, 13

Berman v. Informix Corp., 30 F. Supp. 2d 653
 (S.D.N.Y. 1998) ..........................................................................................................................7

Blau v. Lamb, 242 F. Supp. 151
 (S.D.N.Y. 1965) ..........................................................................................................................6

Boehner v. Heise, 410 F. Supp. 2d 228
 (S.D.N.Y. 2006) ..........................................................................................................................7

Cento Group, S.P.A. v. OroAmerica, Inc., 822 F. Supp. 1058
 (S.D.N.Y. 1993) ..........................................................................................................................8

In re Collins & Aikman Corp. Securities Litigation, 438 F. Supp. 2d 392
 (S.D.N.Y. 2006) ........................................................................................................................13

Eskofot A/S v. E.I. du Pont de Nemours & Co., 872 F. Supp. 81
 (S.D.N.Y. 1995) ..........................................................................................................................8

Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215
 (2d Cir.1978) ..............................................................................................................................9

First Fed. Sav. & Loan Ass'n v. Oppenheim, Appel, Dixon & Co., 634 F. Supp.
 1341 (S.D.N.Y. 1986) .................................................................................................................3

Grossman v. Young, 70 F. Supp. 970
 (S.D.N.Y. 1947) ..........................................................................................................................6

Hernandez v. Graebel Van Lines, 761 F. Supp. 983
 (E.D.N.Y. 1991) ..........................................................................................................................8

Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207
 (S.D.N.Y. 1995) ....................................................................................................................8, 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Rajcher, 609 F. Supp. 291
 (S.D.N.Y. 1985) ..........................................................................................................................4

In re Nematron Corp. Securities Litigation, 30 F. Supp. 2d 397
 (S.D.N.Y. 1998) ..........................................................................................................................8

Securities and Exchange Commission v. Pattiz, No. 81-CIV-0064, 1981 WL 1614
    (S.D.N.Y. Mar. 26, 1981) ..........................................................................................6

Securities and Exchange Commission v. Thrasher, No. 92-CIV-6987 (JFK), 1993
    WL 37044 (S.D.N.Y. February 8, 1993) ............................................................4, 6

Securities and Exchange Commission v. Yaroshinsky, No. 06-CIV-2401(RCC),
    Doc. No. 35 (S.D.N.Y. October 5, 2006)..................................................................4

Toy Biz, Inc. v. Centuri Corp., 990 F. Supp. 328
    (S.D.N.Y. 1998).........................................................................................................8

United States v. Svoboda, 347 F.3d 471
    (2d Cir. 2003).............................................................................................................4

Zepherin v. Greyhound Lines Inc., 415 F. Supp. 2d 409
    (S.D.N.Y. 2006).........................................................................................................8

## FEDERAL STATUTES AND RULES

15 U.S.C. § 78aa ..............................................................................................................1, 3

28 U.S.C. §1404(a) ...............................................................................................................7

F.R.C.P. 45(b)(2) ................................................................................................................13

## INTRODUCTION

Defendant Theodore Roxford, who is also known as Lawrence David Niren ("Defendant Roxford a/k/a Niren) and Defendant Hollingsworth, Rothwell & Roxford ("Defendant HRR") engaged in a fraudulent scheme of phony takeover offers in order to manipulate the share prices of securities traded over the New York Stock Exchange and the NASDAQ National Market. Defendants' scheme involved approaching the targets and offering to purchase shares without any reasonable basis for believing they could raise the necessary funds, then publicizing their offers in order to induce investors to purchase the companies' stock, thereby manipulating the price of the securities.

Defendant HRR asks this Court to dismiss the Complaint for lack of venue. Pursuant to 15 U.S.C. § 78aa, in a securities fraud civil enforcement action, venue lies in any "district wherein any act or transaction constituting the violation occurred." The object of Defendants' fraud, in three of the five instances alleged in the Complaint, was manipulation of the price of securities traded on the New York Stock Exchange, which is located in the Southern District of New York. Moreover, in furtherance of their fraudulent scheme, Defendants purchased shares of stock in at least one of their targets whose shares trade on the New York Stock Exchange. Finally, Defendants repeatedly contacted persons and businesses located in the Southern District of New York to promote their fraudulent scheme. As a result, venue over this action lies with this Court.

Defendant HRR asks this Court to transfer this action from the Southern District of New York to another venue, without specifying which court should receive the transfer. As the moving party in seeking transfer, without having even identified a proposed transferee District, Defendant HRR fails to meet its burden. Even construing

Defendant HRR's motion to imply that a transfer is requested to Florida, the only jurisdiction to which Defendant HRR acknowledges any nexus, Defendant HRR has no colorable claim. Defendant HRR was formed under the laws of the State of Florida but appears to have no physical assets located in the state of Florida. The two affidavits submitted by Defendant HRR in support of its Motion to Dismiss do not even make the claim that there are any documents relating to the underlying events located in the state of Florida. Instead, Defendant HRR identifies a single witness – Hugh Hollingworth – as currently located in Florida. In contrast, Defendant Roxford a/k/a Niren, a separately named Defendant and a partner in Hollingsworth, Rothwell & Roxford, in his Motion to Dismiss claims that another jurisdiction – Argentina, not Florida—is the convenient forum for this case. Defendant Roxford a/k/a Niren asserts that there are more than 40 boxes of documents and numerous witnesses relevant to the underlying claims which are located in Argentina and asks the Court to transfer this action to Argentina. Under the law of this Court, a plaintiff's choice of venue is not to be disturbed unless a defendant makes a clear and convincing showing for the convenience of transferring venue. Defendant HRR falls far short of meeting this standard and its Motion to Dismiss should be denied.

## ARGUMENT

**I.    Venue Is Proper In The Southern District Of New York.**

    **A.    The legal standard supports venue in this Court.**

Congress defined the scope of venue for securities actions:

> Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules

2

and regulations, may be brought in any such district or in the district
wherein the defendant is found or is an inhabitant or transacts business.

15 U.S.C. § 78aa.

Thus, in a securities civil enforcement action, venue is proper in any district in which an "act or transaction constituting the violation occurred," or where "the defendant is found or is an inhabitant or transacts business." Id. Moreover, where one defendant engaged in an act or transaction in furtherance of a fraudulent scheme, venue is established as to any other defendant who participated in the scheme. First Fed. Sav. & Loan Ass'n v. Oppenheim, Appel, Dixon & Co., 634 F. Supp. 1341, 1350 (S.D.N.Y. 1986) ("[T]he occurrence in the district of 'any act or transaction' by any defendant in furtherance of the scheme is sufficient to establish venue as to any other defendant who knowingly participated in the scheme-even if such defendant did not perform any independent venue-establishing act or transaction in the district.").

**B.    Defendants engaged in acts and transactions constituting securities fraud in the Southern District of New York.**

As alleged in the Complaint, the Defendants engaged in a phony takeover attempt scheme as "a device to manipulate stock prices" in a series of companies which trade on the New York Stock Exchange, located in New York City. (Complt. ¶ 14 at 4). Thus, Defendants made a fake tender offer to purchase all the shares of Sony Corporation ("Sony"), a company whose shares trade on the New York Stock Exchange, in order to manipulate the price of Sony's shares. (Cmplt. ¶¶ 16, 17, 18 at 5). In furtherance of this fraudulent scheme, on January 30, 2003, Defendant Roxford a/k/a Niren and his partners in Hollingsworth, Rothwell & Roxford opened a brokerage account with TD Waterhouse Investor Services, Inc., ("TD Waterhouse account"), a brokerage firm located at 100 Wall

3

Street, New York, New York. See Declaration of Pamela H. Nolan ("Nolan Decl.") ¶ 2 attached as Exhibit 1. Defendants purchased 100 shares of Sony common stock, which trade on the New York Stock Exchange. (Cmplt. ¶ 17 at 5); Nolan Decl. ¶ ¶ 4, 5; See e.g., United States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003) ("[W]e find that the execution of trades on the New York Stock Exchange and American Stock Exchange is sufficient to establish venue in the Southern District of New York."); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Rajcher, 609 F. Supp. 291, 293 (S.D.N.Y. 1985) ("The location of a trade's execution provides a basis for venue."); Securities and Exchange Commission v. Yaroshinsky, No. 06-CIV-2401(RCC), Doc. No. 35 (S.D.N.Y. October 5, 2006) ("[A] securities fraud case such as this whose merit depends on the timing and nature of the actual trades themselves make the transactions are [sic] material. . . . These transactions may be only part of an evidentiary showing, but they are relevant to a determination of where venue should lie.") (internal citation and quotation omitted); Securities and Exchange Commission v. Thrasher, No. 92-CIV-6987 (JFK) 1993 WL 37044, at *2 (S.D.N.Y. February 8, 1993) (holding defendant's "purchase and sale of Motel 6 shares that traded on the NYSE is an independent basis for venue. The location of a trade's execution provides a basis for venue").

In furtherance of the fraudulent scheme and in an attempt to garner additional complicit actors, Defendant Roxford a/k/a Niren explained the plan to manipulate Sony's share price in an e-mail to Brown Brothers Harriman & Co., an investment firm located at 140 Broadway New York, New York: "The stock of [Sony] will go through the roof on the news of our offer . . . we would have caused the stock of [Sony] to rise very substantially and very quickly . . . the profits will be close to $100 million in less than 3

months – as we will be selling our stock and options." (Cmplt. ¶ 27 at 7); Nolan Decl. ¶ 6. Defendants' knowledge that Sony traded on the New York Stock Exchange was made explicit in a January 16, 2003 e-mail to John P. Molner of Brown Brothers Harriman & Compnay, in which Defendant Roxford a/k/a Niren on behalf of Defendant HRR, described their proposal regarding Sony as involving "a well known international conglomerate headquartered in Japan that trades on NYSE." Nolan Decl. ¶ 7. Defendants' fraudulent manipulation of pricing on the New York Stock Exchange, Defendants' purchase of shares on the New York Stock Exchange in furtherance of their fraud, and Defendants' attempt to persuade other parties located in New York City to participate in the fraud establishes venue in this Court.

In addition to targeting Sony, Defendants also made phony offers to purchase all the outstanding common stock of Zapata Corporation ("Zapata"), a company whose shares trade on the New York Stock Exchange. (Cmplt. ¶ 13 at 3). As part of their fraudulent scheme, Defendants made the fake tender offer to purchase Zapata's shares with the intent to induce investors to purchase shares and thereby manipulated the price of Zapata stock on the New York Stock Exchange. (Cmplt. ¶ 47 at 10). The Defendants made the offer without the intent to complete it and without a reasonable belief that they would have the means to purchase the outstanding Zapata common shares. Id. On March 3 and 4, 2003, Defendants sent letters to Zapata outlining their phony tender offer. (Cmplt. ¶¶ 32, 33 at 8). Also in March 2003, Defendant Roxford a/k/a Niren on behalf of Defendant HRR, contacted Jerome Cincotta of Citigroup Global Markets, Inc., located at 77 Water Street, New York, New York, and suggested that Cincotta participate in Defendants' offer to Zapata. See Nolan Decl. ¶ 9.

On March 5, 2003, following public disclosure of Defendants' takeover offer, the share price of Zapata common stock on the New York Stock Exchange rose from the previous day's close of $36.39 to a high of $41.00 before closing at $37.78. (Cmplt. ¶ 35 at 8). On the same day, March 5, 2003, trading volume in Zapata shares on the New York stock Exchange was approximately 34 times higher than the prior day and 2.7 times higher than the cumulative volume for the entire month of February. (Cmplt. ¶ 36 at 8). The volume spike caused a temporary halt in trading. (Cmplt. ¶ 37 at 8). See, e.g., Securities and Exchange Commission v. Pattiz, No. 81-CIV-0064, 1981 WL 1614, at *3 (S.D.N.Y. March 26, 1981) (holding in an action alleging price manipulation of stock traded on Amex, "[t]he location of records dealing with the actual transactions at issue shows that a number of the material events in this action took place in New York"); Blau v. Lamb, 242 F. Supp. 151, 159-60 (S.D.N.Y. 1965), aff'd, 363 F.2d 507 (2d Cir.1966), cert. denied, 385 U.S. 1002 (1967) (holding venue appropriate because of common stock transactions on Amex); Grossman v. Young, 70 F. Supp. 970, 972 (S.D.N.Y. 1947) (holding venue appropriate in Southern District of New York where transactions occurred on New York Stock Exchange); see also Thrasher, 1993 WL 37044, at *2 (finding venue proper in the Southern District based on execution of trades on the New York Stock Exchange). Because Defendants participated in a fraudulent scheme in which they manipulated the share price of Zapata common stock on the New York Stock Exchange, this Court has venue to adjudicate this enforcement action.

Finally, Defendant Roxford a/k/a Niren made a phony offer to Hugh Hefner and Christie Hefner to jointly acquire all 27.4 million outstanding shares of Playboy Enterprises Inc. ("Playboy"), traded on the New York Stock Exchange, at $23 a share for

6

a total cost of $630 million. (Cmplt. ¶ 60 at 12). Defendant Roxford a/k/a Niren made this offer without the intent to commence the offer within a reasonable time, without the intent to complete the offer and without a reasonable belief that they he would have the means to purchase the securities. (Cmplt. ¶ 64 at 12-13). As with Defendants' fraudulent schemes to manipulate the share prices of Sony and Zapata, Defendant Roxford a/k/a Niren's intent was not to engage in a genuine offer to take Playboy private, but rather, to manipulate the share price of Playboy on the New York Stock Exchange. Defendant Roxford a/k/a Niren's participation in a fraudulent scheme to manipulate the price of Playboy shares traded on the New York Stock Exchange further supports venue in this District.

II. **Plaintiff's Choice Of Forum Deserves Substantial Deference And Defendant HRR Has Not Met Its Burden In Demonstrating That The Interest of Justice Or Fairness Mandates A Transfer From This Court To Another District.**

   A. **The legal standard for transfer puts a significant burden on the moving party.**

A District Court has discretion over whether to transfer an action to another District in the interest of justice and fairness. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, this Court has repeatedly recognized that "a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." Boehner v. Heise, 410 F. Supp. 2d 228, 241 (S.D.N.Y. 2006); Adair v. Microfield Graphics, Inc., No. 00-CIV-0629, 2000 WL 1716340, at *3 (S.D.N.Y. Nov. 16, 2000); Berman v. Informix Corp., 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998). "The burden of demonstrating the desirability of

7

transfer lies with the moving party." Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (quoting Hubbell, Inc., 883 F. Supp. at 962); Eskofot A/S v. E.I. du Pont de Nemours & Co., 872 F. Supp. 81, 95 (S.D.N.Y. 1995); In re Nematron Corp. Securities Litigation, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998).

> B.  **Defendant HRR has failed to meet its burden under the factors that support transferring venue.**

In determining whether transfer is appropriate, courts in this Circuit consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. See Zepherin v. Greyhound Lines, Inc., 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006); Toy Biz, Inc. v. Centuri Corp., 990 F. Supp. 328, 330-31 (S.D.N.Y. 1998); Cento Group, S.P.A. v. OroAmerica, Inc., 822 F. Supp. 1058, 1060 (S.D.N.Y. 1993); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 987 (E.D.N.Y. 1991). These factors, when considered in light of the facts of this case, do not support a transfer of venue in this case.

As an initial matter, despite the fact that the burden in seeking transfer lies with the moving party, Defendant HRR has failed to identify a specific transferee court, let alone demonstrate by a clear and convincing showing that transfer to the unidentified jurisdiction is in the "best interests of the litigation." Linzer, 904 F. Supp. at 216 (quoting Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F. Supp. 81, 95 (S.D.N.Y. 1995));

see also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978). Having failed to even put forward a jurisdiction to which it suggests transfer, Defendant HRR has failed to make a case for any transfer. This is grounds alone to reject a request for transfer. Despite Defendant HRR's complete abnegation of their burden as the moving party seeking transfer, Plaintiff will address each of the factors relevant to a court's analysis of transfer in relation to transfer to a District Court in Florida, which appears to be the only jurisdiction to which Defendant HRR has acknowledged any nexus.

### 1. Convenience of witnesses

Defendant HRR has identified only a single witness who is located in the state of Florida. No person other than Hugh Hollingsworth has been identified by Defendant HRR as a potential witness in this matter who resides in the state of Florida. Other potential witnesses in this case reside outside of the state of Florida and there are no grounds for determining that a District Court in Florida would provide these non-Florida based witnesses with greater convenience than the Southern District of New York. Kenneth T. Rothwell, one of the partners of Defendant HRR, resides in Tennessee. Defendant Roxford a/k/a/ Niren, a separately named defendant and a partner in Hollingworth, Rothwell & Roxford, resides in Argentina. In addition, Defendant Roxford a/k/a Niren has alleged in his Motion to Dismiss that numerous witnesses with information relevant to the underlying action are located in Argentina. None of the specific corporate targets of Defendants' fraud, Sony, Zapata, Edgetech Services, Playboy or PeopleSupport, Inc., ("PeopleSupport") who may be called to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6), are located in the state of Florida. Nor is there any basis to believe that any of the individuals directly contacted by

9

the Defendants in furtherance of their fraudulent scheme, including employees of the target companies, financiers and media contacts, are located in the State of Florida. In contrast, the following potential witnesses are persons who were directly contacted by Defendant Roxford a/k/a Niren on behalf of Defendant HRR in furtherance of their fraudulent scheme and are located in New York: John P. Molner of Brown Brothers Harriman & Co., located at 140 Broadway, New York, New York; Bill Harrison and Robert Kindler of JP MorganChase, located at 1 Chase Manhattan Plaza, New York, New York; Jerome Cincotta of Citigroup Global Markets, Inc., located at 77 Water Street, New York, New York and Zachary Prensky of Little Bear Investments, located at 11 Penn Plaza, 5th floor, New York, New York. See Nolan Decl. ¶¶ 6 ,7, 8, 9.

### 2.    Convenience of parties

Defendant HRR has failed to meet its burden of demonstrating that the convenience of the parties favors transferring venue to the Florida. In choosing to bring this action in the Southern District of New York, Plaintiff SEC demonstrated that New York, not Florida, is its forum of choice. Defendant Roxford a/k/a Niren has asserted, in his motion to dismiss, that the foreign country of Argentina, not Florida, is his forum of convenience. Finally, although Defendant HRR is an entity formed under the laws of the state of Florida, it has not even demonstrated that Florida provides it with material convenience over New York. As noted previously, there is no evidence that Defendant HRR has any physical assets in the state of Florida. Nor is there any information regarding any witnesses to Defendant HRR's conduct relevant to the underlying action, located in Florida, other than the single person identified by Defendant HRR – Hugh

Hollingsworth. In light of these facts, the convenience of the parties does not support a transfer of this case to Florida.

### 3.   Locus of operative facts

The Complaint alleges a nationwide fraud. Although Defendant HRR is a legal entity formed under the laws of the state of Florida, without discovery, there is no clear evidence regarding the physical location of Defendant Roxford a/k/a Niren when he engaged in the underlying fraudulent scheme, or of the physical location of any of the other partners in Hollingsworth, Rothwell & Roxford when Defendant HRR participated in the fraudulent scheme described in the Complaint. The target of Defendants' fraud was the manipulation of share prices of the securities of five companies, three of which trade on the New York Stock Exchange, located in the Southern District of New York. Parties that were contacted by the Defendants as part of the Defendants' fraudulent scheme were located outside of Florida in New York. See Nolan Decl. ¶¶ 6-9. Defendant HRR has made no clear or convincing showing that the locus of operative factors mandates transfer of this action from the Southern District of New York to a District in Florida.

### 4.   Location of relevant documents and relative ease of access to source of proof

Defendant HRR has failed to meet its burden of demonstrating that the location of relevant documents or ease of access to sources of proof favors transferring this case to Florida. Although Defendant HRR is a legal entity formed under the laws of the state of Florida, there is no evidence that any documents, let alone substantial relevant documents or others sources of proof, exist within the state of Florida. Although Defendant HRR

11

submitted two affidavits in support of its position, Defendant HRR did not assert that HRR currently has any physical assets in the state of Florida. In fact, Defendant Roxford a/k/a Niren, who is also a partner in Hollingsworth, Rothwell & Roxford, has asserted that the primary location of relevant documents or sources of proof for the facts underlying this action is in Argentina. As noted previously, in his Motion to Dismiss, Defendant Roxford a/k/a Niren claims that there are more than 40 boxes of documents located in Argentina, along with numerous witnesses. Defendant HRR has made no comparable claims regarding the location of documents or access to sources of proof in the state of Florida.

The SEC anticipates that both the New York Stock Exchange and the NASDAQ National Market may have documents relevant to the Defendants' attempt to manipulate share prices of securities trading on their respective exchanges. Each of the corporate entities which were the targets of Defendants' fraud will have documents relevant to the underlying action (Sony, Zapata, Edgetech, Playboy and PeopleSupport). In addition, the business persons who were contacted as part of Defendants' fraud will have relevant documents or other sources of proof. See Nolan Decl. ¶¶ 6-9. Thus, Defendant HRR has fallen far short of proving that the location of relevant documents or other sources of proof favors a transfer to Florida.

     5.    **Availability of process to compel attendance of unwilling witnesses**

Under Federal Rule of Civil Procedure 45(b)(2), a District Court may compel the appearance only of those witnesses who reside in the district in which the court sits, or within 100 miles of the place of trial. Defendant HRR has provided no evidence that a District Court in Florida would provide greater availability of process to compel

unwilling witnesses than a District Court in the Southern District of New York. To the contrary, unlike a District Court in Florida, this Court will be able to compel the attendance of the witnesses who have been identified as located in the New York area. See Nolan Decl. ¶¶ 6-9.

### 6. Forum's familiarity with governing law

Federal courts throughout the nation are presumed to be equally capable of applying federal securities laws. In re Collins & Aikman Corp. Securities Litigation, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006). A District Court in Florida provides no greater familiarity with federal securities law than does the District Court for the Southern District of New York. As a result, this factor weighs against transferring venue to Florida.

### 7. Relative financial means of parties

Neither Defendant HRR nor Defendant Roxford a/k/a Niren has provided the Court with their financial information or an accounting of their assets in support of a transfer of venue to Florida. As Defendant HRR has not carried its burden in proving that the relative financial means of the parties favors a transfer of venue, this factor weighs against disturbing the plaintiff's choice of forum.

### 8. Weight afforded plaintiff's choice of forum

"A plaintiff's choice of forum generally is entitled to considerable weight and should not be disturbed unless the balance of factors weighs strongly in favor of the defendant." Adair, 2000 WL 1716340, at *3. "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum 'unless the defendants

make a clear and convincing showing that the balance of convenience favors defendants' choice.'" Linzer, 904 F. Supp. at 216 (quoting Hubbell, Inc., 883 F. Supp. at 962). Defendant HRR has failed to meets its burden in advocating for a transfer of venue.

### 9. Trial efficiency and interests of justice

Defendant HRR has made no colorable claim that trial efficiency or the interests of justice would be served by transferring this case. There is no evidence that a District Court in Florida would provide greater efficiency in this litigation; nor is there any evidence that there is any litigation pending in federal court in Florida related to the underlying events in this action. Defendant HRR has failed to meet his burden regarding this factor and thus consideration of this factor favors respecting plaintiff's choice of venue. Defendant HRR's request that this Court transfer this to a District Court in Florida should not be granted.

## CONCLUSION

For the reasons stated above, Defendant HRR's Motion to Dismiss should be denied.

14