UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,             Case No. 07 Civ. 6146

      - against -

THEODORE ROXFORD a/k/a LAWRENCE
DAVID NIREN and HOLLINGSWORTH,
ROTHWELL & ROXFORD

                Defendants.

-----------------------------------------------------------X

## DEFENDANT HOLLINGSWORTH, ROTHWELL & ROXFORD'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF SEC'S OPPOSITION TO <u>MOTION TO DISMISS</u>

Defendant Hollingsworth, Rothwell & Roxford ("HRR") respectfully submits this memorandum of law in reply to Plaintiff Securities and Exchange Commission's ("SEC") opposition to HRR's motion to dismiss.

### <u>INTRODUCTION</u>

In its motion, HRR respectfully requests dismissal of this action for lack of venue. In response, the SEC presents two alternative arguments. First, the SEC asserts that venue in the Southern District of New York ("Southern District") is proper. Alternatively, the SEC argues that even if venue is improper, the case should remain in the Southern District because HRR does not affirmatively state where venue should be. As to the latter argument, the SEC is well aware that it is always a plaintiff's obligation to institute an action in a permissible forum. HRR is not subject to defend a case in a particular venue -- if venue is indeed improper -- merely because it does not suggest an

appropriate venue. That is the plaintiff's burden, and it has failed in its task (if an objection to venue is raised it is the plaintiff's burden of establishing that venue is proper (see, <u>ZPC 2000, Inc. v. SCA Group, Inc.</u>, 86 F. Supp. 2d 274, 276 (S.D.N.Y. 2000)). Turning to the SEC's former argument, that venue is proper in the Southern District, simply put, that argument is without merit. Even assuming that every fact in the SEC's complaint and opposition papers is true, the SEC has still not set forth legally sufficient grounds for venue in the Southern District.

Indeed, the only affidavit that the SEC submits in its opposition is from an individual with ***zero personal knowledge*** of the facts and who first became involved in this case ***years*** after the alleged conduct at issue. Remarkably, although stating that she is relying on documents in the SEC's "files", the declarant does not attach one single document from those very files. HRR respectfully submits to the Court that the SEC has the burden of proving proper venue, and it has failed miserably in doing so. If the SEC had the documents it states that it has, it surely would have submitted those very documents to the Court. In deciding the instant motion, it would be patently improper for the Court to rely solely on an affidavit from the plaintiff -- with no personal knowledge and without attaching a single document from its alleged "file."

Put simply, plaintiff has not, and cannot, prove that venue is proper in this Court and therefore HRR's motion to dismiss must be granted.

## ARGUMENT

I.  **Venue is improper in the Southern District of New York.**

The SEC properly advises the Court that, in a securities civil enforcement action, venue is proper in any district in which an "act or transaction constituting the violation occurred," or where "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. In the present case, the SEC does not contend that HRR is (or ever was) found in or an inhabitant of the Southern District. Rather, the SEC claims that HRR committed a violation or transacted business in the Southern District. To support its contentions, the SEC provides the following allegations in its opposition papers: (i) HRR made tender offers to companies that trade on the New York Stock Exchange, (ii) HRR opened an investment account with TD Waterhouse, which has an office in New York (although the branch office through which HRR actually conducted its business is located in Vero Beach, Florida), and (iii) HRR solicited investors in New York. Even assuming, however, that these three allegations are entirely true, venue is still improper in the Southern District. In sum, these are the only three reasons that the SEC gives to show that the Southern District is a proper forum for this action, and each is legally insufficient.

Plaintiff has not met its burden of proving that venue is proper in the Southern District of New York.

    A.    **Making a tender offer to a non-New York company does not subject the offeror to venue in the Southern District of New York merely because the company trades on the New York Stock Exchange**

The SEC alleges that Theodore Roxford a/k/a Lawrence Nirin, through an entity

he formed called HRR, made bogus tender offers to manipulate the price of the stocks of the target companies Sony Corporation ("Sony"), Zapata Corporation ("Zapata"), Edgetech Services, Inc. ("Edgetech"), Playboy Enterprises, Inc.("Playboy"), and PeopleSupport, Inc("People Support"). Complaint ¶¶ 1, 2, 16, 31, 48, 60, 65. Even assuming, however, that the offers were made, that the offers were bogus, and the offers manipulated the stock prices of the companies, venue is improper in the Southern District.

As clearly explained in the SEC's papers and as relevant here, venue is proper where a defendant committed a violation or transacted business. In the present case, the SEC does not allege that the tender offers were made by anyone in New York or made to anyone in New York. Thus, the SEC cannot allege that a violation was committed in New York. It is also unclear how the SEC can possibly argue that business was transacted in New York. The SEC admits that HRR was a Florida partnership with offices only in Florida, and the SEC also admits that none of the target companies are New York companies. In fact, the only link that the SEC can make between the tender offers and the Southern District is that three of the above-referenced companies happen to trade on the New York Stock Exchange ("NYSE"). Quite tellingly, however, ***the SEC cannot provide one case in which a non-New York defendant which made a tender offer to a non-New York company is subject to venue in New York merely because the company happens to trade on the NYSE.***

Indeed, the SEC leaves out crucial facts of the case law it relies upon. For example, the SEC quotes the following from the recent case United States v. Svoboda, 347 F.3d 471, 483 (2d. 2003), "[W]e find that the *execution* of trades on the New York

Stock Exchange and American Stock Exchange is sufficient to establish venue in the Southern District of New York." The SEC fails to explain to the Court that Svoboda involved placing trades on the NYSE which were based on unlawfully obtained insider information. The obvious distinction from the present is that HRR did not execute any trades on the NYSE. Similarly, the SEC extracts the following quote from <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Rajcher</u>, 609 F. Supp. 291, 293 (S.D.N.Y. 1985), "The location of a trade's execution provides a basis for venue." Once again, HRR did not execute trades on the NYSE, nor does the SEC set forth that allegation. But even assuming trades were executed -- those trades were executed by TD Waterhouse's *Florida* branch office.

Finally, what is most revealing about the SEC's papers is that they completely ignore the long-standing case of <u>Gibson v. Pittsburgh Forgings Co.</u>, 284 F. Supp. 569 (S.D.N.Y. 1968), cited in HRR's motion to dismiss. There, the Court held that ***merely being listed on a local stock exchange is insufficient contact with a district to make venue there proper.*** Thus, the mere fact that a defendant company is listed on the NYSE is not enough to establish venue in New York in a case against such defendant. It is worth noting that, here, none of those NYSE companies (mentioned by the SEC) are even plaintiffs. Yet the SEC is attempting to use those NYSE companies to create venue where it does not exist -- an end run around controlling law. Certainly, the bare allegations that a defendant's actions may have altered stock prices of a nonparty on the NYSE is not enough to establish venue in New York. The SEC simply does not provide any law in support of this proposition.

**B.    Opening an investment account at a non-New York branch of TD Waterhouse does not subject the investor to venue in the Southern District of New York merely because TD Waterhouse has an office in New York**

It is important to note that the SEC does not allege that HRR was ever in New York or had any communication with TD Waterhouse in New York. To the contrary, HRR opened a TD Waterhouse Account in Vero Beach, Florida (see, affidavit of Lawrence Niren in Support of Niren's Reply, ¶ 7). Certainly, this does not subject HRR to venue in every district where TD Waterhouse has an office. Nor can the SEC make a sincere argument to the contrary.

Indeed, as the SEC is well aware, even if TD Waterhouse had been a plaintiff in this case (which it is not) and was seeking venue in New York -- under both NYSE and NASD (and now FINRA) rules/policy, such an arbitration would take place at a hearing site ***closest to the customer*** (not the brokerage firm). This is most ironic since such a brokerage house (in a customer arbitration proceeding) would not stand a chance of hearing its claim against HRR in New York under the facts alleged in the SEC's opposition. There is simply no merit to the SEC argument that venue is proper in New York simply by virtue of the fact that HRR opened a brokerage account in Florida with a brokerage house that also has an office in New York.

**C.    Soliciting investors in New York does not subject HRR to venue in the Southern District because the solicitations did not violate securities laws, and no business was transacted.**

Venue is proper where a defendant committed a violation or transacted business. The SEC does not, and cannot, allege that soliciting investors is a violation of securities laws. To the contrary, the SEC contends that HRR did not solicit enough investors. The

SEC claims that despite HRR's lack of funding, it made tender offers to manipulate the prices of the stocks. Therefore, the SEC is not asserting venue based on that ground. Instead, the SEC argues that soliciting investors in the district constitutes transacting business in the district, and that, consequently, HRR is subject to venue in the Southern District. The problem of the SEC's argument -- on a very basic level -- is that the solicitation of the investors (even if such solicitation did occur -- as the SEC does not submit an affidavit from someone with first-hand knowledge or any actual documents from its "file"), does not mean that HRR actually "transacted business" with said individuals. In fact, those individuals listed in the SEC's opposition immediately rejected said solicitation and they most certainly did not transact business.

The case law agrees with HRR. It is well-settled that soliciting tender offers in a district does not qualify as transacting business in a district. See Allis-Chalmers Mfg. Co. v. Gulf & Western Industries, Inc., 309 F. Supp. 75, 81 (E.D. Wis. 1970). In Allis-Chalmers Mfg. Co., Allis- Chalmers contended that "solicitation, tender, and consummation of the exchange offer are operative parts of the purchase of the stock, are therefore acts constituting the violation, and that since some of them occurred in this district venue here is proper." Id. at 78. The Court struck down this argument, holding that business is only "transacted" for purposes of venue in the location where the sale or purchase of stock took place. In other words, soliciting tender offers in a district does not subject the solicitor to venue in the district. This is not an illogical conclusion, as solicitation of offers to invest are often widespread in geographical scope, and surely such solicitations do not subject solicitors to nationwide venue.

## CONCLUSION

For the foregoing reasons, HRR respectfully requests that this case be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)3 for improper venue.

Dated: New York, New York
September 17, 2007

                                    THE ROTH LAW FIRM, PLLC
                                    By: _____
                                    Richard A. Roth (RAR 5538)
                                    545 Fifth Avenue, Suite 960
                                    New York, New York, 10017
                                    Tel: (212) 542-8882
                                    *Attorneys for Hollingsworth,*
                                    *Rothwell & Roxford*

# **AFFIRMATION OF SERVICE**

STATE OF NEW YORK    )
                                    )ss.:
COUNTY OF NEW YORK  )

JORDAN M. KAM, ESQ., affirms under penalties of perjury:

1. I am over the age of 21 years, am not a party to this action, and reside in New York, New York.

2. On September 17, 2007, I caused the foregoing to be served by Federal Express overnight mail, on counsel, at the addresses listed below:

   Sarah L. Levine, Esq.
   Assistant Chief Litigation Counsel
   United States Securities and Exchange Commission
   100 F Street, N.E.
   Washington, DC 20549

3. On September 17, 2007, I caused the foregoing to be served on Defendant Theodore Roxford, *Pro Se*, at the electronic address listed below:

   troxford2000@yahoo.com

_____
Jordan M. Kam