USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,                      07 Civ. 6146 (PKC)

      -against-                            ORDER

THEODORE ROXFORD a/k/a LAWRENCE DAVID NIREN
and HOLLINGSWORTH ROTHWELL & ROXFORD,

                Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Defendant Lawrence Niren a/k/a Thomas Roxford did not appear at today's conference either in person or by an attorney admitted to practice before this Court who had first filed a notice of appearance. I note his attempt to file a "Motion for Default After This Court Rules on Niren's and HRR's Motions to Dismiss" which does not offer an adequate or sufficient reason for his absence. His absence is unexcused and was noted in the transcript of today's proceeding.

        I have considered the motion of defendant Niren/Roxford to dismiss, asserting grounds under Rules 9(b), 12(b) and 19, Fed. R. Civ. P., as well as the doctrine of <u>forum non conveniens</u> and various provisions of the securities laws and, for the reason's stated in open court on the record, it is DENIED. I have also considered the motion of defendant Hollingsworth Rothwell & Roxford to dismiss on the grounds of improper venue, Rule 12(b)(3) and it is also DENIED for the reason's stated in open court on the record.

        I will briefly expand upon the reasons stated on the record. Three of the five issuers whose shares defendants are alleged to have manipulated are traded on the New York Stock Exchange ("NYSE"). Plainiff has come forward with evidence that defendant Roxford/Niren made several calls into this District in furtherance of the alleged scheme to

defraud; he also used an account sited in Manhattan, even though he may not have been physically present to open the account. (Declaration of Pamela H. Nolan.) The plaintiff has come forward with sufficiently particularized allegations and evidence of purposeful acts in the District in furtherance of the fraud and, further, that the object of the fraud was to manipulate the price of shares of stock traded on the NYSE. This Court has personal jurisdiction over defendant Roxford and venue in this District is proper. 15 U.S.C. § 78aa. Considering all of the relevant factors, there is no basis to dismiss under the doctrine of fourm non conveniens. See Gilstrap v. Radianz Ltd., 443 F.Supp. 2d 474 (S.D.N.Y. 2006), aff'd, 233 Fed.Appx. 83, 2007 WL 1541362 (2d Cir. 2007). There is an insufficient basis to transfer to another district under 28 U.S.C. § 1404(a).

I have reviewed the complaint through the lens of Rule 9(b) and the fraud is alleged with more than sufficient particularity. Communications by defendants to identified individuals or entities on specific dates are cited or quoted as being fraudulent. (E.g. Complaint ¶¶ 21, 32, 39, 41, 67.) There is evidence cited in the complaint which supports a strong inference of fraudulent intent. (E.g. Complaint ¶ 26: ". . . your firm and our firm would have to delete permanently, and shred, every single pece of paper that was exchanged between us from today onward. . . .") The complaint states a claim upon which relief may be granted and alleges fraud with sufficient particularity. In this enforcement action brought by the SEC, there are no necessary parties who have not been joined; that others may have joined in the defendants' activities with our without fraudulent intent does not render them indispensable parties.

Defendant Roxford/Niren's "Motion for Default After This Court Rules on Niren's and HRR's Motions to Dismiss" is largely moot and is otherwise DENIED. I have sua sponte considered and rejected certification, pursuant to 28 U.S.C. § 1292(b), to the United States Court of Appeals for the Second Circuit of any question decided herein.

I have granted plaintiff SEC permission to proceed with its proposed motion for entry of a default against Roxford/Niren for failure to comply with Court Orders, provided the motion is filed by November 1, 2007.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 18, 2007