UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   v.

THEODORE ROXFORD
a/k/a LAWRENCE DAVID NIREN and
HOLLINGSWORTH, ROTHWELL &
ROXFORD,

        Defendants.

No. 07-CV-6146

ECF case (PKC)

---

## DECLARATION OF SARAH L. LEVINE

I, Sarah L. Levine, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I am an attorney employed by the plaintiff Securities and Exchange Commission as Assistant Chief Litigation Counsel in the Division of Enforcement. My duties consist of representing the SEC in civil enforcement proceedings against persons and entities alleged to have violated the United States securities laws. I make this Declaration in support of the SEC's motion for default judgment against Defendant Theodore Roxford a/k/a Lawrence David Niren ("Defendant Roxford") for failure to defend pursuant to 55(b)(2) of the Federal Rules of Civil Procedure.

2. The SEC filed the complaint in this case on June 29, 2007.

3. On June 30, 2007, the Summons and Complaint were served by hand on Defendant Roxford. See Proof of Service, filed on

August 28, 2007, attached as Exhibit 1.

4. The Court has subject matter jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Securities Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

5. Attached as Exhibit 2 is a copy of the Individual Practices of Judge P. Kevin Castel.

6. Attached as Exhibit 3 is a copy of E-mails from Defendant Roxford to Counsel and the Court.

7. Attached as Exhibit 4 is a copy of the motion for default filed by Defendant Roxford with the Court.

8. As alleged in the Complaint, on February 7, 2003, Defendant Roxford, through Defendant HRR, made an offer to purchase all shares of Sony for $85 per share, at a total potential cost of approximately $78 billion. See Sony Offer letter attached as Exhibit 5; Compl. ¶ 16 at 5. Prior to sending the offer letter, Roxford and HRR purchased Sony common stock and options. See Compl. ¶ 17 at 5. Roxford subsequently made two additional offers for Sony. Prior to making the offers, Roxford solicited a number of financiers to provide financing for the deal, but never obtained any commitments for financing. See E-mail to Mohlner (1/16/03) attached as Exhibit 6, E-mail to Mohlner (1/22/03) attached as Exhibit 7, E-mail to Kindler (2/12/03) attached as Exhibit 8.

9. As stated in the Complaint, on March 3, 2003, Defendant Roxford, through Defendant HRR, made an offer to purchase all shares of Zapata for $45 per share for a total cost of approximately $107 million. See Zapata Offer Letter (3/3/03) attached as Exhibit 9; Compl. ¶32 at 8. Zapata issued a press release regarding the offer, and numerous newspapers reported on the offer. After Zapata rejected the offer, Defendant HRR made a second offer for Zapata, which was also rejected by the company. See Zapata Offer Letter (3/9/03) attached as Exhibit 10; Compl. ¶¶ 38, 40 at 9.

10. As alleged in the Complaint, on July 30, 2003, Defendant Roxford through Defendant HRR made an offer to acquire ninety percent of the shares of Edgetech for $1.00 per share. Edgetech issued a press release and filed a Form 8-K regarding the offer. See Edgetech Offer Letter and Form 8-K attached as Exhibit 11; Compl. ¶¶ 49, 50, 52 at 10. The Defendants subsequently made two additional offers for Edgetech, on August 8, 2003, and August 14, 2003. See Edgetech Offer Letter (7/30/03) attached as Exhibit 12; Edgetech Offer Letter (8/14/03) attached as Exhibit 13; Compl; ¶¶ 53,54 at 11.

11. As described in the Complaint, on November 3, 2003, Defendant Roxford, through a purported partnership named Barahona, Ferrari & Roxford ("BFR"), made an offer for Playboy for $23 per share, or $630 million, and on November 4, 2003, posted the offer an internet message board. See Yahoo Posting attached as Exhibit 14; Yahoo Posting attached as Exhibit 15; Compl. ¶60 at 12.

12. As alleged in the Complaint, on December 21, 2004, Defendant Roxford, purporting to be a prominent Indian investor, sent an email to PeopleSupport offering to purchase the company for $14 per share. See PeopleSupport Letter (12/20/04) attached as Exhibit 16; Compl. ¶65 at 13. After doing some investigation and determining that the offer was not legitimate and had not come from the Indian investor, the company issued a press release stating that the offer was not legitimate. See Compl. ¶66 at 13. On January 3, 2005, Defendant Roxford, posing as another foreign investor, made another offer for PeopleSupport, this time for $20 per share. See PeopleSupport Letter (1/3/05); Compl. ¶67 at 13. The offers were posted on internet message boards. See PeopleSupport Yahoo Posting (12/20/04) attached as Exhibit 17; PeopleSupport Yahoo Posting (12/21/04) attached as Exhibit 18; Compl. ¶67 at 13.

13. As stated in the Complaint, in each of these instances, Defendant Roxford did not intend to complete the offers and did not have the financial means to do so. See Compl. ¶2 at 1. Defendant Roxford's intent in making the phony public tender offers was to manipulate the price of the target company's stock and constituted a violation of Sections 9(a) and 14(e) of the Exchange Act, and Rule 14e-8 promulgated thereunder. See Compl. ¶1 at 1.

14. Defendant Roxford failed to appear at a court ordered conference on September 7, 2007. See Docket 9/7/07, Minute Entry ("No appearance by Mr. Theodore Roxford a/k/a Lawrence David Nirne.").

15. Defendant Roxford failed to appear at a court ordered conference on October 18, 2007. See Docket #32, Order of 10/18/07 ("Defendant Lawrence Niren a/k/a Thomas Roxford did not appear at today's conference either in person or by an attorney admitted to practice before this Court who had first filed a notice of appearance. . . His absence is unexcused and was noted in the transcript of today's proceeding.").

16. Defendant Roxford is not an infant or an incompetent.

17. Attached is a certificate of default stating that Defendant Roxford was properly served and failed to appear, signed and stamped by the Clerk of the Court. See Certificate of Default attached as Exhibit 19.

18. Attached is a copy of the Complaint filed against

Defendant Roxford as Exhibit 20.

19. Attached is a proposed form of default judgment as Exhibit 21.

I declare under penalty of perjury that the foregoing is true and correct.

                                              Sarah L. Levine

Executed on: October 31, 2007
Washington, D.C.