Amended: February 14, 2006

### INDIVIDUAL PRACTICES OF JUDGE P. KEVIN CASTEL
#### United States Courthouse
#### 500 Pearl Street
#### New York, New York 10007
#### web site: www.nysd.uscourts.gov

Unless otherwise ordered, matters before Judge Castel shall be conducted in accordance with the following practices:

## 1. Communications with Chambers

**A.      Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Letters should be transmitted to chambers and not filed on ECF.

**B.      Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Drew D'Agostino at (212) 805-0131 between 8:30 A.M. and 5:00 P.M. Counsel for all parties, are required to register as ECF users in accordance with the Procedures for Electronic Case Filing and file a Notice of Appearance in each case.

**C.      Telephone Calls.** Except as provided in Paragraph 1(B) above, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (212) 805-0262.

**D.      Faxes.** Faxes to chambers are not permitted without prior express permission. If a hard copy of the fax is also mailed or delivered to chambers, it should be prominently labeled, "PREVIOUSLY FAXED".

**E.      Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, the request (in a civil case) must attach a proposed Revised Case Management Plan and Scheduling Order (reflecting dates which are business days). If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance. Requests for adjournments should be transmitted to chambers and not filed on ECF.

## 2. Motions
     **A.**
          **1. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2 Southern District. For motions other than discovery motions, a pre-motion conference with the court is required before making any motion, except motions brought on by order to show cause, motions by incarcerated pro se litigants, motions for a default judgment, motions for admission pro hac vice, motions for reargument and motions

described in subparagraph A(2) below. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion and other parties may respond within three business days.

    **2. No Pre-Motion Conference Required.** Sub-paragraph A(1) above does not apply to any of the motions described in Rule 6(b), Federal Rules of Civil Procedure, Rules 4(a)(4)(A), Federal Rules of Appellate Procedure, or section 1447 of title 28. A pre-motion conference is not required before making such motions, which should be filed when served.

**B.    Courtesy Copies.**

    **1. Pleadings:** Courtesy copies of pleadings, marked as such, shall be submitted to chambers as soon as practical after filing, in accordance with the SDNY policies regarding mail deliveries.

    **2. Motion Papers:** Courtesy copies of all motion papers, marked as such, shall be submitted to chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries.

    **C.    Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

    **D.    Filing of Motion Papers.** Motion papers shall be filed promptly after service.

    **E.    Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving, opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    **F.    Summary Judgment.** The Local Rule 56.1(a)(2) Statement by the party opposing summary judgment shall set forth verbatim the text of each paragraph of the Local Rule 56.1(a)(1) Statement immediately preceding its response thereto.

    **G.    Pro hac vice.** Before filing a pro hac vice motion, the party seeking the admission shall confer with all other parties and advise the Court in the motion whether their consent has been obtained.

    **H.    Discovery Documents.** In accordance with Local Rule 5.1, discovery documents such as interrogatories, requests for production of documents, responses to discovery requests, etc. shall not be submitted to the Court or filed on ECF.

**3. Pretrial Procedures**

    **A.    Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days following completion of discovery in a civil case, the parties shall submit to the Court for its approval a Joint Pretrial Order, that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law that have been agreed to by all parties.

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.** **Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, the parties shall file with the Joint Pretrial Order:

i. In jury cases, proposed voir dire questions, verdict form and requests to charge;

ii. In non-jury cases, proposed findings of fact and conclusions of law;

iii. The parties are required to meet and confer regarding items i. or ii. and make a joint submission in areas where agreement is reached and separate submissions in areas where no agreement is reached. Unless otherwise agreed upon by the parties, the party with the burden of proof should prepare the initial draft in sufficient time for the other side to respond; only the final result of this meet and conferral process should be submitted to the Court. When feasible, items i. and ii. should be submitted, in addition to hard copy, on a

-4-

3.5" diskette or CD-Rom in Microsoft Word version Office 2000 or WordPerfect version 9 or higher format;

    iv. In all cases, motions addressing any evidentiary or other issues that should be resolved in limine; and

    v.    In any case where such party believes it would be useful, a pretrial memorandum.

## TRIAL PROCEDURES

### Court Reporter

    Please respect the Court Reporter's function. Speak distinctly. Do not speak while someone else is speaking. At the start of the trial, please give the Court Reporter a list of spellings of unusual names of people, places or things. When referring to an exhibit, be sure to mention it by number or letter so that the record is clear.

    When depositions or documents are read, the speaker should read slowly. Depositions are to be read by stating the word "Question" and then reading the question, then stating the word "Answer" and reading the answer.

    A. Civil Trials

    Each counsel should provide the with Court two copies of his or her final exhibit list and one to opposing counsel. The Court's copy of the pre-marked exhibits should be assembled sequentially in a notebook and tabbed, or if a party prefers, each exhibit may be placed in a separate manila folder with number or letter visible on the lip, and the folder should be placed in a suitable container or box for ready reference; one set of exhibits should be provided to opposing counsel. Counsel shall also provide to the Court a copy of any depositions which are intended to be offered, into evidence or read in cross-examination.

    B. Criminal Trials

    Counsel should show to opposing counsel an exhibit (whether or not it will be offered into evidence) and hand it up to the Court, before showing it to a witness or using it in any other manner.

    C. All Trials

    Counsel is responsible for marking his or her own exhibits. Counsel must give a copy of each exhibit to the Court before using it at trial. In civil trials, counsel must exchange copies of their trial exhibits before the trial begins.

    No exhibit may be used in Opening Statement unless its proposed use is disclosed to

-5-

opposing counsel in advance.

If counsel intends to show a witness several exhibits, all of the exhibits should be placed in front of the witness at the beginning of the examination. This will save time.

After an examination is completed the exhibits that have been admitted into evidence should be left with the Courtroom Deputy.

Neither counsel nor a witness may read from exhibits not in evidence. Counsel may publish to the jury or read from exhibits that are in evidence, upon obtaining leave of the Court. Blowups may be used with prior permission and should first be shown to opposing counsel.

Exhibits that contain inadmissible, extraneous matter should be redacted prior to trial.

When the jury retires to deliberate, all exhibits received in evidence, except for items such as narcotics and weapons, are sent into the jury room. A redacted copy of the Indictment containing only those matters being submitted for verdict should be prepared by the A.U.S.A. and will be sent into the jury room. Pleadings in civil cases are not sent into the jury room. Counsel is responsible to ensure that those exhibits sent in to the jury have actually have been received in evidence.

**Jurors**

The Court usually permits the jurors to select the foreperson. Counsel should thus refrain from addressing juror number 1 as "Mr. Foreman" or "Madam Forewoman."

The Court permits jurors to take notes.

Depending upon the length of the trial and complexity of the issues, the Court may permit jurors to have a typed version of the jury instructions in the jury room.

Read backs of testimony during jury deliberations may be avoided by the parties agreeing to send the jury the appropriate portions of the trial transcript, with any colloquy or sidebars redacted.