UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HOLLINGSWORTH, ROTHWELL & ROXFORD ("HRR"); LAWRENCE NIREN, THEODORE ROXFORD, <br><br> Defendants. | No. 07-Civ. 6146 (PKC) |

NIREN'S MOTION FOR DEFAULT AFTER THIS COURT
RULES ON NIREN'S AND HRR'S MOTIONS TO DISMISS[1]

On October 2, 2007, Lawrence Niren's wife's father passed away here in Argentina, and on October 3, 2007, this Court adjourned the October 5, 2007 conference for October 18, 2007. On October 11, 2007 Niren's wife's family stopped supporting this case in New York.

Pursuant to Rule 9(b), Rule 12(b), and Rule 19, Fed. R. Civ. P., forum non conveniens, Rule 60(b), Fed. R. Civ. P., and case law, Niren respectively moves this Court to default him for not appearing at the October 18, 2007 conference, but only after this Court has ruled on Niren's and HRR's Motions To Dismiss, since this Court has zero jurisdiction and venue in this case, the SEC has committed fraud and perjury all through the case, Niren will be detained and arrested if he enters the U.S., and Niren on his own cannot afford to engage wildly overpriced New York law firms to appear on his behalf. In support, Niren submits this Memorandum of Law and the attached Affidavit.

---

[1] Sarah Levine of the SEC on October 15, 2007, emailed Niren that the SEC does not oppose this Motion.

1

MEMORANDUM OF LAW

<u>This Court has no jurisdiction or venue in this case and never did</u>. The entire past three and a half months have been nothing but a complete waste of this Court's time by the SEC. Enough is enough already.

This Court has had Niren's and HRR's Motions To Dismiss, the SEC's Opposition Motion, and Niren's and HRR's Reply Motions now for a month. All this Court has to do is read those documents and this case will be dismissed as a matter of law.

Niren is not wasting any more of this Court's time. Not only is Niren and HRR innocent of all of the ridiculous charges of the SEC's bogus case, but Niren has submitted a very meritorious defense with respect to the underlying action. If this Court wishes to default Niren for answering the SEC's bogus complaint when it doesn't even have any jurisdiction or venue, so be it. But first Niren moves this Court to at least rule on Niren's and HRR's Motions To Dismiss. Then this Court can default Niren - if it has jurisdiction and venue – which is impossible for this Court to have, for all the reasons given in Niren's and HRR's Motions To Dismiss, Reply Motions, and Affidavits in Support.

A district court must have personal jurisdiction over a party before it can enjoin its actions. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 111-112 (1996).

It is important to note that merely being listed on a local stock exchange is insufficient contact in a district to make venue there proper. *See* <u>Gibson v. Pittsburgh Forgings Co.</u>, 284 F. Supp. 569 (S.D.N.Y. 1968).

The Court of Appeals for the Second Circuit has established that defaults are generally disfavored, doubt should be resolved in favor of the defaulting party, and has set forth three criteria for determining whether entry of a default or a default judgment

should be set aside for "good cause" under Rule 55(c) or under Rule 60(b): (1) whether the default was willful, (2) whether the moving party has presented a meritorious defense with respect to the underlying action, and (3) whether setting aside the default would prejudice the party who secured the entry of default. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993).

A default judgment is a harsh and disfavored sanction, reserved only for the most egregious behavior. *See* Lacy v. Sitel Corp., 227 F. 3d 290 (5th Cir. 2000).

In the past few days Niren contacted over 50 New York law firms and every New York legal aid service there to see if he could find one who would be able to appear on his behalf for the 30 minute October 18, 2007 conference. Not one of the New York law firms would agree to appear on behalf of Niren without a US$50,000 retainer – which is more than Niren lives on for everything in Argentina for 5 years, and they all charge between US$500 to US$600 an hour; and none of the legal aid services could take Niren as a client because Niren does not reside in New York. Just as a note of interest, here in Argentina, some of the very best law firms do not even take retainers and they only charge 200 pesos an hour or US$62. So Niren is unable to retain a New York law firm to represent him. If the Court would like the long list of law firms he contacted, he would be happy to give the list to the Court. So if this Court is going to default Niren simply because he cannot afford to pay ridiculously overpriced New York law firms, so be it.

Ordering a default against Niren at this time, before this Court has even ruled as to whether or not it even has jurisdiction or venue in this case beforehand, is not only prejudicial against Niren, but it is equally prejudicial against the SEC, and here is why:

Should this Court unfairly grant the SEC a default judgment against Niren at

3

this time, the SEC will have to come to Argentina to try to collect money from Niren. Niren does not have any money or any assets whatsoever, so the entire process will be completely futile on the SEC's part. In addition, the moment the SEC comes to Argentina, it will be served with a lawsuit for fraud and misrepresentation from Niren's family and the law firm that Niren's family uses here on behalf of Niren, and the SEC's Pamela Nolan will be sued for her perjury and fraud. So the SEC will suffer great prejudice if this Court grants the SEC a default judgment against Niren now. However, if this Court rules on Niren's Motion To Dismiss first before defaulting Niren, the SEC will suffer no prejudice at all, since then they will not be sued here in Argentina, as this Court will have ruled on this case based on case law and not on a 30 minute conference, which Niren is unable to attend or engage an attorney to appear for him, simply because he does not have the US$50,000 that attorneys demand to represent Niren in this bogus case, in which this Court does not even have jurisdiction or venue, and since October 11, 2007 Niren's wife's family will no longer give Niren a ticket and hotel money to travel to the U.S., so Niren has no possible way of going to New York at this time. Niren lives in his wife's families' homes, and lacks nothing here in Argentina, but he has no money or assets of his own and never will. He is not willfully not attending the October 18 conference.

      On at least two occasions in this Court's rulings in September and October 2007, this Court has stated that it has read the SEC's complaint. Yet, if this is the case, then why has this Court not commented on the fact that all of the allegations in it - by the SEC's own admission, are from events from 2003 and are against partnerships such as HMRR, HRR, Ferrari Investments of Argentina, Barahona, Ferrari & Roxford, and two unknown and unnamed parties to do with one very isolated event on December 21, 2004 and on January

3, 2005 – which was impossible for Niren to have made, so that this entire case against Niren has been bogus right from the start, and if this Court has really read the complaint as it said it did, then Niren has the same right to have the Court read his and HRR's Motions To Dismiss and Reply Motions that it has had for a month now as well, before it defaults Niren for failing to appear at the October 18, 2007 conference – particularly since it has zero jurisdiction and venue, and the SEC will not be prejudiced by a few weeks.

Niren has pointed out to this Court on several occasions over the past few months that the SEC has committed fraud and perjury in this case, but this Court has chosen to ignore this. Obviously there is nothing Niren can do about a Court that allows the SEC to commit fraud and perjury and does nothing about it. However, fraud is one of the reasons which gives a Court relief from judgment or order, pursuant to Rule 60(b), Fed. R. Civ. P.:

> Rule 60. Relief from Judgment or Order: (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; …

The SEC and the SEC's Pamela Nolan have committed fraud and perjury in this case, which Niren has pointed out repeatedly to this Court in August, and September 2007 – particularly in Niren's Motion To Dismiss, Reply Motion, and Affidavits. Yet this Court has allowed the SEC to run amuck in its misrepresentations and lies of Niren. This case is a total waste of time for everyone, because this Court has no jurisdiction and venue, and Niren and HRR have no money or assets to pay the SEC even one cent and he never will. Therefore this Court should default Niren only after the jurisdiction/venue issues are decided.

For all the reasons set forth herein, Niren moves this Court to grant this Motion.

*Lawrence Niren*

Lawrence Niren aka Theodore Roxford

Agostina Mastronardi
Patricias Mendocinas 815
Mendoza, 5500, Argentina
Email: troxford2000@yahoo.com
U.S. voice mail: (415) 995-2313

Executed on October 15, 2007
Cordoba, Argentina