# FINAL JUDGMENT OF DEFAULT AGAINST DEFENDANT THEODORE ROXFORD A/K/A LAWRENCE DAVID NIREN

WHEREAS, Plaintiff Securities and Exchange Commission filed this action on June 29, 2007; and

WHEREAS, the Proof of Service filed by the Commission on August 28, 2007, shows that on June 30, 2007, Defendant Theodore Roxford a/k/a Lawrence David Niren ("Defendant Roxford") duly served with the Summons and Complaint; and

WHEREAS, the Commission has moved for the entry of a default judgment against Defendant Roxford based on Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Now, therefore, it is hereby

## I.

ORDERED, ADJUDGED AND DECREED that Plaintiff Securities and Exchange Commission shall have judgment against Defendant Roxford.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Roxford hereby is permanently restrained and enjoined from violating, directly or indirectly, Section 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption: (1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell the

securities of any issuer, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect as to such securities; (2) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, the securities of any issuer, unless and until a registration statement is in effect as to such securities; or (3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise the securities of any issuer, unless and until a registration statement has been filed with the Commission as to such securities, or while a registration statement as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Peter C. Lybrand and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, including his agents, servants, employees, attorneys, successors and assigns, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, by use of any means or instrumentalities of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in the offer or sale of any security: (1) employing any device, scheme or artifice to defraud; (2) obtaining money or property by means of any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Peter C. Lybrand and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, including his agents, servants, employees, attorneys, successors and assigns, and each of them, are permanently restrained and enjoined from, directly or indirectly, by use of any means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice or course of business which operates or would

operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] or Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Peter C. Lybrand, Admiral Investments Ltd., Compulink International Corp., Conversant Enterprises, Inc., Drawbridge Investments Ltd., Glittergrove Investments Ltd., Grafton Investments Ltd., Greenford Investments Ltd., Investor Relations, Inc., McDonalds Ltd., Oasis Enterprises Ltd., and Tellerstock, Inc. shall be jointly and severally liable to pay (1) disgorgement in the amount of $3,757,127.66 (which amount represents the unrecovered illegal profits that these Defendants collectively obtained from their violations of the federal securities laws as alleged in the Commission's Complaint), plus (2) prejudgment interest in the amount of $722,936.16 (which amount represents application of a rate of interest equal to that charged by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2)).

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Peter C. Lybrand, Admiral Investments Ltd., Compulink International Corp., Conversant Enterprises, Inc., Drawbridge Investments Ltd., Glittergrove Investments Ltd., Grafton

Investments Ltd., Greenford Investments Ltd., Investor Relations, Inc., McDonalds Ltd., Oasis Enterprises Ltd., and Tellerstock, Inc. shall pay the above amounts of disgorgement and prejudgment interest on or before thirty days following the date of entry of this Final Judgment, by certified check made payable to the Clerk, United States District Court for the Southern District of New York. The certified check shall bear on its face the notation "SEC v. Lybrand, Civ. No. 00-1387 (SHS)," and a photocopy of the check shall be simultaneously transmitted to Richard E. Simpson, Assistant Chief Litigation Counsel, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, N.W., Washington, D.C. 20549-0911.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk shall deposit all funds that he receives pursuant to this Final Judgment (the "Fund") into an interest-bearing account with the Court Registry Investment System ("CRIS"). The Fund shall be held by the CRIS until further order of the Court. Interest earned on the money in the Fund shall be credited to the Fund and treated in the same manner as principal. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to 10 percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may

hereafter prepare and submit for the Court's consideration a plan for the distribution of the Fund. Such a plan may provide for the appointment of a Fund Administrator to carry out a Court-approved distribution plan.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Peter C. Lybrand shall pay to the United States Treasury a civil penalty in the amount of $1,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

### IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Peter C. Lybrand shall pay the civil penalty imposed above by delivering, within thirty days of the date of this Final Judgment, a certified check to the Office of the Comptroller, Securities and Exchange Commission, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312. The certified check shall be made payable to the "Securities and Exchange Commission" and shall bear on its face the notation "SEC v. Lybrand (HO-3516)." Defendant Lybrand shall simultaneously deliver a photocopy of the check to Richard E. Simpson, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 450 Fifth Street, N.W., Washington, D.C. 20549-0911.

### X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court shall retain jurisdiction of this civil action for all purposes, including implementation and enforcement of this Final Judgment.

### XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the Clerk is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment of Default forthwith and without further notice.

Dated:  New York, New York
        _____, 2007


                                    _____
                                    HON. P. KEVIN CASTEL
                                    UNITED STATES DISTRICT JUDGE