UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,                                :    No. 07-CV-6146

                Plaintiff,    :    ECF case (PKC)

  v.

THEODORE ROXFORD
a/k/a LAWRENCE DAVID NIREN and
HOLLINGSWORTH, ROTHWELL &
ROXFORD,

                Defendants.

---

### DECLARATION OF SARAH L. LEVINE

I, Sarah L. Levine, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I am an attorney employed by the plaintiff Securities and Exchange Commission as Assistant Chief Litigation Counsel in the Division of Enforcement. My duties consist of representing the SEC in civil enforcement proceedings against persons and entities alleged to have violated the United States securities laws. I make this Declaration in support of the SEC's motion for default judgment against Defendant Hollingsworth, Rothwell & Roxford ("Defendant HRR") for failure to defend pursuant to 55(b)(2) of the Federal Rules of Civil Procedure.

2. The SEC filed the Complaint in this case on June 29, 2007.

3. On July 6, 2007, the Summons and Complaint were served by hand on Defendant HRR. See Proof of Service, filed on August

29, 2007, attached as Exhibit 1.

4. The Court has subject matter jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Securities Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

5. Attached as Exhibit 2 is a copy of the Notice of Dismissal of Counsel and Consent to Entry of Default Judgment filed by Defendant HRR with the Court.

6. As alleged in the Complaint, on February 7, 2003, Defendant HRR, along with Defendant Roxford, made an offer to purchase all shares of Sony for $85 per share, at a total potential cost of approximately $78 billion. See Sony Offer letter attached as Exhibit 3; Compl. ¶ 16 at 5. Prior to sending the offer letter, Defendant HRR and Defendant Roxford purchased Sony common stock and options. See Compl. ¶ 17 at 5. Defendant HRR, along with Defendant Roxford, subsequently made two additional offers for Sony. Prior to making the offers, Defendant HRR, through Defendant Roxford, solicited a number of financiers to provide financing for the deal, but never obtained any commitments for financing. See E-mail to Mohlner (1/16/03) attached as Exhibit 4; E-mail to Mohlner (1/22/03) attached as Exhibit 5; E-mail to Kindler (2/12/03) attached as Exhibit 6.

7. As stated in the Complaint, on March 3, 2003, Defendant HRR, with Defendant Roxford, made an offer to purchase all shares of Zapata for $45 per share for a total cost of approximately $107 million. See Zapata Offer Letter (3/3/03) attached as Exhibit 7; Compl. ¶32 at 8. Zapata issued a press release regarding the offer, and numerous newspapers reported on the offer. After Zapata rejected the offer, Defendant HRR made a second offer for Zapata, which was also rejected by the company. See Zapata Offer Letter (3/9/03) attached as Exhibit 8; Compl. ¶¶ 38, 40 at 9.

8. As alleged in the Complaint, on July 30, 2003, Defendant HRR, with Defendant Roxford, made an offer to acquire ninety percent of the shares of Edgetech for $1.00 per share. Edgetech issued a press release and filed a Form 8-K regarding the offer. See Edgetech Offer Letter and Form 8-K attached as Exhibit 9; Compl. ¶¶ 49, 50, 52 at 10. Defendants HRR and Defendant Roxford subsequently made two additional offers for Edgetech, on August 8, 2003, and August 14, 2003. See Edgetech Offer Letter (7/30/03) attached as Exhibit 10; Edgetech Offer Letter (8/14/03) attached as Exhibit 11; Compl; ¶¶ 53,54 at 11. On September 24, 2003, Edgetech filed a Form 8-K/A with the SEC stating that Edgetech had concluded, "[g]iven the action of HRR and their associates it now appears that the takeover bid had no substance." Compl; ¶ 58 at 12

9. As stated in the Complaint, in each of these instances, Defendant HRR did not intend to complete the offers and did not have the financial means to do so. See Compl. ¶2 at 1. Defendant HRR's intent in making the phony public tender offers was to manipulate the price of the target company's stock and constituted a violation of Sections 9(a) and 14(e) of the Exchange Act, and Rule 14e-8 promulgated thereunder. See Compl. ¶1 at 1.

10. Defendant HRR is not an infant or an incompetent.

11. Attached is a Clerk's Certificate of Default stating that Defendant HRR, a non-natural person, has not had counsel notice an appearance on its behalf and has not filed an Answer to the Complaint. See Certificate of Default attached as Exhibit 12.

12. A copy of the Complaint filed against Defendant HRR is attached as Exhibit 13.

13. A proposed form of default judgment is attached as Exhibit 14.

14. A copy of Plaintiff SEC Letter to Roth Law Firm and Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) is attached as Exhibit 15.

15. A copy of the Transcript of Defendant HRR's Deposition on 12/18/07 is attached as Exhibit 16.

16. A copy of Plaintiff SEC Letter to Defendant HRR Re Failure to Respond to Written Discovery is attached as Exhibit

17.

17. A copy of the Initial Disclosure of Defendant Roxford is attached as Exhibit 18.

18. A copy of the Initial Disclosure of Defendant HRR is attached as Exhibit 19.


I declare under penalty of perjury that the foregoing is true and correct.

Sarah L. Levine


Executed on: February 6, 2008
Washington, D.C.